STERNBERGER *et al. v.* MANHATTAN RY. Co. *et al.*

*(Common Pleas of New York City and County, General Term.  December 7, 1891.)*

ELEVATED RAILROADS—DAMAGES TO PROPERTY—RENTAL VALUES.

In an action against an elevated railroad company for damages to the rental value of plaintiffs' property, the existence of a lease thereof, executed after the damages were inflicted, is wholly immaterial on the question of damages; and it is error to charge the jury that in estimating the rental value they must consider that such value would remain the same, under the lease, if the defendant's road were taken away.

Appeal from trial term.

Action by Maurice M. Sternberger and others against the Manhattan Railway Company and others for damages to the rental value of plaintiffs' property. The jury found a verdict for plaintiffs for six cents damages. From judgment thereon, and from an order denying a new trial, asked on the ground of inadequacy of damages, plaintiffs appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Peckham & Tyler*, (*E. W. Tyler*, of counsel,) for appellants.  *Davies & Rapallo*, (*Edward C. James*, of counsel,) for respondents.

DALY, C. J.  This action is brought to recover damages to the plaintiffs' property on South Fifth avenue, resulting, as it is claimed, from the maintenance and operation of the elevated railroad. The plaintiffs' houses and lots were known by the street numbers 89 and 91, and 190, 192, and 194. As to Nos. 89 and 91, they were claimed from April 11, 1885, to December 30, 1886; as to Nos. 190, 192, and 194, from April 11, 1885, to April 11, 1888. The latter premises were purchased in 1866 by the plaintiffs Simon Sternberger and Meyer Sternberger, (under whom the other plaintiffs claim,) and the former premises were purchased in 1868 by the plaintiff Simon and the said Meyer and one Buchman, who conveyed his interest to the Sternbergers on

December 21, 1883. The premises 190, 192, and 194 were leased for five years from January 1, 1884, to the Kursheedt Manufacturing Company. This lease covered the period for which damages were claimed in this action. The action was tried before a jury, and a verdict for six cents damages was awarded. The plaintiffs claim that they were injuriously affected by the instructions given by the court to the jury at defendants' request, as follows: "In considering whether there was any, and, if any, what, loss of rental value to the premises Nos. 190, 192, and 194 South Fifth avenue from the defendants' railroad during the period in question, the jury are to consider, with all the other facts in the case, the fact that before April 11, 1885, said premises had been put under a five-years lease from January 1, 1884, at a fixed rental of six thousand dollars a year, and that said rental must have remained the same during the whole period, even if the railroad had been taken away before April 11, 1885." The plaintiffs excepted to this instruction. It would seem that the lease referred to could have no possible bearing upon the question which the jury had to determine. Had the railroad been taken away during the period for which damages were claimed the damage would have ceased, and plaintiffs could not recover thereafter, whether there was a lease or not; but the railroad remained in full operation during the whole time they sued for, and the fact that there was a lease covering the whole period at a specified rental could make no difference whatever in deciding the question submitted to the jury. The lease in question was made after the injury to the property had been inflicted by the railroad, and the rent reserved in it was, as far as the case shows, the best that could be obtained. It would not assist the jury in arriving at a conclusion as to what loss of rental value to the premises was caused ·by the defendants' railroad during the period in question to consider the fact that during said period the premises were covered by that lease. The instruction might have led the jury into the belief that they were at liberty to find that the loss of rental value for the period sued for was due to the plaintiffs' act in making a five-years lease as well as to the continued operation of the railroad. This is forcibly suggested by the concluding clause of the instruction, "and that said rental must have remained the same during the whole period even if the railroad had been taken away before April 11, 1885." It was not an instruction that in estimating the loss of rents to the plaintiffs the jury might take into consideration the lease as depriving plaintiffs by their own act of the advantage of any rise in rental value during the term, but it was an instruction that in considering whether the defendants' railroad had caused any loss of rental value to the premises the plaintiffs' act in making a lease was to be considered; and as to this, as we have said, the lease was wholly immaterial. It would seem, therefore, that the exception to the instruction complained of was well taken, and the judgment should be reversed, and a new trial ordered, with costs to abide the event.